# Time Inc.

225 Liberty Street
New York, NY 10281

**Andrew B. Lachow**
Vice President and
Deputy General Counsel

andrew_lachow@timeinc.com
**p** 212-522-8307 **f** 212-467-0860

August 22, 2016

VIA ECF

The Honorable Thomas P. Griesa
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> **Re:** *Hardy, et al. v. Kaszycki & Sons, et al.*
> **No. 1:83-cv-06346 (S.D.N.Y.)**

Dear Judge Griesa:

I write in reply to the August 12, 2016 letter of Lawrence S. Rosen, counsel to Donald J. Trump and The Trump Organization. ECF No. 420 (hereinafter the "Trump Letter"). The Trump Letter was written in response to my July 12, 2016 letter on behalf of non-parties Time Inc. ("Time") and the Reporters Committee for Freedom of the Press ("Reporters Committee"), which requested entry of an order directing the Clerk of the Court to unseal all sealed documents submitted to the court in *Hardy et al. v. Kaszycki & Sons, et al.* (hereinafter "*Hardy*"), including ECF Nos. 409, 410, 411 and 412. ECF No. 415 (hereinafter the "Time Letter"). Mr. Trump and the Trump Organization assert various grounds for opposing this request, all of which are meritless. Indeed, the Trump Letter only underscores why unsealing is warranted.

First, the Trump Letter concedes that there are "three settlement-related documents" under seal in *Hardy*, and that at least two of those sealed documents are court orders that reflect approved terms of the parties' final settlement agreement. Trump Letter at 1–2. Specifically, the Trump Letter states that the two sealed court orders "'So-Ordered' the parties' settlement." *Id.* at 2. It further states that these orders contain "the parties' express and material condition that the settlement remain sealed and not be disclosed to any third parties." *Id.* at 2. And, citing to one of the sealed orders, the Trump Letter also states that "as per the express terms of the parties' settlement (*See February 9, 1999 Order at page 3, first paragraph at top*), there were zero settlement funds that were paid to the members of the certified class individually." *Id.* (emphasis added). Thus, the Trump Letter, on its face, makes clear that the sealed court orders memorialized the final terms of the parties' settlement, which was approved by the court.

Because the sealed court orders reflect terms of the parties' final settlement agreement, they are of significant interest to the press and the public. *See* Time Letter at 2–3. In addition, the common law and First Amendment right of access attaches to them. *See Ferrand v. Lyonnias*, 106 F. Supp. 3d 452, 455 (S.D.N.Y. 2015) (holding that the First Amendment and common law rights of access apply to a court's decisions and orders); *Xue Lian Lin v.*

1

*Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519(PKC), 2009 WL 2223063 at *1 (July 23, 2009) ("Any document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies"). The case upon which the Trump Letter primarily relies for its opposition to unsealing, *United States v. Glens Falls Newspapers, Inc.*, is inapposite. In *Glens Falls*, the court held that there is only a negligible presumption of access to settlement *negotiations and drafts.* 160 F.3d 853, 858 (2d Cir. 1998). The court's holding did not apply to *final* settlement terms, such as those reflected in the court orders in this case, let alone final settlement terms approved by court order. *Id.* at 857. Accordingly, the Trump Letter provides no support for its argument that the final settlement agreement, as reflected in the court's sealed orders, is not subject to the common law and First Amendment right of access.

Citing to one of the sealed court orders, the Trump Letter also states that because individual members of the certified class in *Hardy* received "zero settlement funds," the Court purportedly was not asked or required to approve the settlement agreement. Trump Letter at 2. As further support for this argument, the Trump Letter argues that the Court "did not even require that the class members themselves be provided with notice of the settlement (as per Rule 23), noting that none of the relief resulting from the settlement accrued to the individual class members." Trump Letter at 2. As an initial matter, Mr. Trump and the Trump Organization should not be permitted to selectively disclose portions of a sealed court order that they believe support their position while opposing unsealing the order in its entirety. Moreover, their argument is, in any event, misguided. The Trump Letter itself notes that two of the sealed documents are court orders in which this Court approved—i.e., "So-Ordered"—the agreed-upon terms of the parties' settlement. *Id.* Thus, the Court did in fact order, and thereby approve, the parties' settlement. Finally, even if the class members received "zero settlement funds," it does not follow that the Court was neither asked nor required to approve the settlement terms pursuant to Rule 23, which does not condition the court's approval of the settlement, voluntary dismissal, or compromising of the claims of a certified class on the amount of funds—or lack thereof—to be paid to class members pursuant to the settlement. *See* Fed. R. Civ. P. 23(e).

Finally, the Trump Letter does not provide any basis, let alone a compelling interest, that overcomes public's right of access to the sealed documents in this case. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Although the Trump Letter suggests that the privacy interests of other parties and their counsel may be implicated by unsealing records, the Time Letter has been served on counsel to all parties, and none other than Mr. Trump and the Trump Organization have objected to the unsealing.

Furthermore, despite the Trump Letter's suggestion that age of the *Hardy* litigation somehow lessens the presumption of public access to the sealed records, *see* Trump Letter at 2, court records remain presumptively open to public inspection under both the First Amendment and common law regardless of their age. Moreover, the specific court records at issue here are of indisputable contemporary importance; *Hardy* is directly relevant to the ongoing presidential election. Mr. Trump is the Republican nominee for President, and his frequent involvement in litigation and opposition to illegal immigration are central issues in his campaign. *See* Time Letter at 2–3. Indeed, Mr. Trump's political opponents have cited the underlying facts of *Hardy* in criticizing him, and the press has published numerous stories comparing the facts of *Hardy*

with Mr. Trump's campaign positions. *Id.* at 3.  If the parties' court-approved settlement did not provide monetary payments to class members, as the Trump Letter asserts, it is quite likely that it would have addressed the *Hardy* litigation's underlying claims regarding the use of undocumented workers to demolish Trump Towers by including non-monetary terms such as, for example, terms regarding the hiring and employment of foreign workers.  Because Mr. Trump's position on immigration is a significant issue in the ongoing presidential campaign, such settlement terms would be of particular interest to the public.  In short, the unsealing of the sealed records will shed light on a matter that is presently of substantial public interest and concern. The Trump Letter simply fails to address the public and the press's particularly powerful interest in access to the sealed records at issue here.

For these reasons, Time and the Reporters Committee respectfully request that the Court enter an order directing the Clerk of Court to immediately unseal and make public all sealed documents in the above-captioned matter.

Respectfully submitted,

Andrew Lachow
Vice President and Deputy General Counsel
Steven Weissman
Vice President and Deputy General Counsel
Time Inc.
224 Liberty Street
New York, NY 10281

Bruce D. Brown
Katie Townsend
Caitlin Vogus
The Reporters Committee for Freedom of the Press
1156 15th St. NW
Suite 1250
Washington, DC 20005