N.Y.S.D. Case #
83-cv-6346(TPG)

16-3273
Hardy, et al. v. Kaszycki, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
1          At a stated term of the United States Court of Appeals
2     for the Second Circuit, held at the Thurgood Marshall United
3     States Courthouse, 40 Foley Square, in the City of New York,
4     on the 15th day of June, two thousand seventeen.
5
6     PRESENT: DENNIS JACOBS,
7              DEBRA ANN LIVINGSTON,
8              RAYMOND J. LOHIER, JR.,
9                        Circuit Judges.
10    - - - - - - - - - - - - - - - - - - -x
11
12    M. GUY HARDY, individually and as a
13    participant in the Local 95 Insurance
14    Trust Fund and the Local 95 Pension
15    Fund, and on behalf of all other
16    persons who are, will be, or have at
17    any time since 1/1/80, been
18    participants or beneficiaries in the,
19    JOSEPH HARDY,
20              Plaintiffs-Appellees,
21
22    HARRY J. DIDUCK, HARVEY L. SHERROD,
23              Plaintiffs,
24
25              -v.-                              16-3273
26
27    EQUITABLE LIFE ASSURANCE SOCIETY OF
28    THE UNITED STATES,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 15, 2017

CERTIFIED COPY ISSUED ON 06/15/2017

1   **Defendant-Cross-Claimant-**
2   **Appellee,**
3
4   WILLIAM KASZYCKI, TRUMP-EQUITABLE
5   FIFTH AVENUE COMPANY, TRUMP
6   ORGANIZATION, HOUSE WRECKERS UNION
7   LOCAL 95 PENSION FUND, TRUSTEES OF THE
8   HOUSE WRECKERS UNION LOCAL 95
9   INSURANCE TRUST FUND, KASZYCKI & SONS
10  CONTRACTORS INC., DONALD J. TRUMP, DBA
11  THE TRUMP ORGANIZATION, JOHN SENYSHYN,
12  **Defendants-Cross-Defendants-**
13  **Cross-Claimants-Appellees,**
14
15  **-v.-**
16
17  TIME INC., THE REPORTERS COMMITTEE
18  FOR FREEDOM OF THE PRESS,
19  **Intervenors-Appellants.**
20
21  - - - - - - - - - - - - - - - - - - - -X
22
23  **FOR APPELLANTS:**          KATIE TOWNSEND, The Reporters
24                               Committee for Freedom of the
25                               Press (Bruce D. Brown, <u>on the</u>
26                               <u>brief</u>), Washington, D.C.
27
28                               Andrew B. Lachow, Time Inc., New
29                               York, New York.
30
31  **FOR APPELLEES:**           MATTHEW R. MARON, The Trump
32                               Organization, New York, New
33                               York.
34
35                               Jared E. Blumetti, Lawrence S.
36                               Rosen, LaRocca Hornik Rosen
37                               Greenberg & Blaha, LLP, New
38                               York, New York.
39
40      Appeal from order of the United States District Court

41  for the Southern District of New York (Griesa, <u>J.</u>).

1     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**

2     **AND DECREED** that the order of the district court be **VACATED**

3     and **REMANDED.**

4     Intervenors Time, Inc. ("Time") and The Reporters

5     Committee for Freedom of the Press appeal from the order of

6     the United States District Court for the Southern District

7     of New York (Griesa, J.) denying their request to unseal

8     several documents on the docket.  We assume the parties'

9     familiarity with the underlying facts, the procedural

10    history, and the issues presented for review.  We vacate the

11    order of the district court and remand so it can balance the

12    presumptions of public access to court documents against

13    countervailing interests.

14    In 1983, a member of a demolition-workers union filed a

15    class action against various parties involved in demolishing

16    the Bonwit Teller building, which was torn down to build

17    Trump Tower.  In 1998, the class members settled with the

18    various defendants, and the district court approved the

19    settlement.  The court sealed four documents on its docket

20    connected with that settlement: 1) a transcript of an

21    October 26, 1998 conference (dkt. no. 409); 2) a plaintiffs'

22    brief filed on November 9, 1998 (dkt. no. 410); 3) a

23    district court order approving the settlement dated December

24    30, 1998 (dkt. no. 411); and 4) another district court order

1  approving the settlement dated February 9, 1999 (dkt. no.

2  412).  In 2016, Time and The Reporters Committee for Freedom

3  of the Press moved to unseal those four documents.  The

4  district court denied their motion, and this appeal

5  followed.

6       Two of the documents the press organizations seek--the

7  transcript and the brief--have been destroyed pursuant to

8  the Southern District of New York's standard document

9  retention policies.  We therefore refrain from ruling on the

10 unsealing request as it pertains to them.  See Independence

11 Party of Richmond Cty. v. Graham, 413 F.3d 252, 255-56 (2d

12 Cir. 2005).

13      The Southern District still has the two sealed court

14 orders, however, so we may review the decision on whether

15 they should remain sealed.  Both the common law and the

16 First Amendment create presumptions that certain types of

17 documents should be publicly available.  Lugosch v. Pyramid

18 Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  Both

19 apply to the two court orders, but the presumptions of

20 access are simply presumptions--they do not automatically

21 mean that the documents should be unsealed.  We remand this

22 case to the district court for a determination as to whether

23 countervailing interests overcome the two presumptions.

1    The common law presumption of access attaches to

2    "judicial documents," and judicial documents are those that

3    are "relevant to the performance of the judicial function

4    and useful in the judicial process." Id. at 119. It is

5    settled that the court-authored orders in this case are

6    judicial documents, and that the common law presumption

7    therefore attaches. In re Application of the United States

8    for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d

9    283, 290 (4th Cir. 2013) ("[I]t is commonsensical that

10   judicially authored or created documents are judicial

11   records."); EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d

12   1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its

13   judgments, its orders, are the quintessential business of

14   the public's institutions.").

15   The next analytical step is to determine the strength

16   of the presumption as it applies to these documents.

17   Lugosch, 435 F.3d at 119. We conclude that it is of

18   middling strength. The two documents are closely tied to

19   the exercise of judicial power (they are the exercise of

20   judicial power), but the very strongest presumption is

21   reserved in civil cases for documents "used to determine

22   litigants' substantive legal rights." Bernstein v.

23   Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142

24   (2d Cir. 2016).

1    Courts have found that interests such as protection of

2    ongoing investigations, safety of witnesses, national

3    security, and trade secrets may be sufficient to defeat the

4    presumption.  Id. at 143.  We leave it to the district court

5    to identify any interest in favor of secrecy sufficient to

6    defeat the presumption that court orders be open to the

7    public.

8        The First Amendment also creates a presumption of

9    public access that likewise attaches to court orders.  There

10   is a long tradition of public access to court orders, Union

11   Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir.

12   2000) ("[I]t should go without saying that the judge's

13   opinions and orders belong in the public domain."); they are

14   judicial documents, Lugosch, 435 F.3d at 120 ("The courts

15   that have undertaken this type of [First Amendment] inquiry

16   have generally invoked the common law right of access to

17   judicial documents in support of finding a history of

18   openness."); and public access plays a significant role in

19   the judicial approval of class action and derivative

20   settlements.  But the First Amendment presumption, like the

21   common law presumption, may be overcome by competing values.

22   Lugosch, 435 F.3d at 120.

1    On remand, the district court shall consider whether

2    any interests can overcome the common law and First

3    Amendment presumptions of access to the two court orders.

4    Any decision that the documents should remain sealed must be

5    supported by "specific, on the record findings" and must

6    explain why sealing "is essential to preserve higher values

7    and is narrowly tailored to serve that interest."  Id.

8    For the foregoing reasons, we hereby **VACATE** the order

9    of the district court and **REMAND** for further proceedings

10   consistent with this order.

11
12
13
14                        FOR THE COURT:
15                        CATHERINE O'HAGAN WOLFE, CLERK
16

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7