**MANDATE**
16-3273
Hardy, et al. v. Kaszycki, et al.

N.Y.S.D. Case # 83-cv-6346(TPG)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1  At a stated term of the United States Court of Appeals
2  for the Second Circuit, held at the Thurgood Marshall United
3  States Courthouse, 40 Foley Square, in the City of New York,
4  on the 15th day of June, two thousand seventeen.
5
6  PRESENT: DENNIS JACOBS,
7           DEBRA ANN LIVINGSTON,
8           RAYMOND J. LOHIER, JR.,
9                     Circuit Judges.
10
11 - - - - - - - - - - - - - - - - - - - -X
12 M. GUY HARDY, individually and as a
13 participant in the Local 95 Insurance
14 Trust Fund and the Local 95 Pension
15 Fund, and on behalf of all other
16 persons who are, will be, or have at
17 any time since 1/1/80, been
18 participants or beneficiaries in the,
19 JOSEPH HARDY,
20           Plaintiffs-Appellees,
21
22 HARRY J. DIDUCK, HARVEY L. SHERROD,
23           Plaintiffs,
24
25           -v.-                                    16-3273
26
27 EQUITABLE LIFE ASSURANCE SOCIETY OF
28 THE UNITED STATES,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 06, 2017

    **Defendant-Cross-Claimant-**
    **Appellee**,

**WILLIAM KASZYCKI, TRUMP-EQUITABLE
FIFTH AVENUE COMPANY, TRUMP
ORGANIZATION, HOUSE WRECKERS UNION
LOCAL 95 PENSION FUND, TRUSTEES OF THE
HOUSE WRECKERS UNION LOCAL 95
INSURANCE TRUST FUND, KASZYCKI & SONS
CONTRACTORS INC., DONALD J. TRUMP, DBA
THE TRUMP ORGANIZATION, JOHN SENYSHYN,**
    **Defendants-Cross-Defendants-**
    **Cross-Claimants-Appellees**,

    **-v.-**

**TIME INC., THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS,**
    **Intervenors-Appellants**.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**   KATIE TOWNSEND, The Reporters Committee for Freedom of the Press (Bruce D. Brown, on the brief), Washington, D.C.

         Andrew B. Lachow, Time Inc., New York, New York.

**FOR APPELLEES:**   MATTHEW R. MARON, The Trump Organization, New York, New York.

         Jared E. Blumetti, Lawrence S. Rosen, LaRocca Hornik Rosen Greenberg & Blaha, LLP, New York, New York.

  Appeal from order of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **VACATED** and **REMANDED**.

Intervenors Time, Inc. ("Time") and The Reporters Committee for Freedom of the Press appeal from the order of the United States District Court for the Southern District of New York (Griesa, J.) denying their request to unseal several documents on the docket. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We vacate the order of the district court and remand so it can balance the presumptions of public access to court documents against countervailing interests.

In 1983, a member of a demolition-workers union filed a class action against various parties involved in demolishing the Bonwit Teller building, which was torn down to build Trump Tower. In 1998, the class members settled with the various defendants, and the district court approved the settlement. The court sealed four documents on its docket connected with that settlement: 1) a transcript of an October 26, 1998 conference (dkt. no. 409); 2) a plaintiffs' brief filed on November 9, 1998 (dkt. no. 410); 3) a district court order approving the settlement dated December 30, 1998 (dkt. no. 411); and 4) another district court order

3

approving the settlement dated February 9, 1999 (dkt. no. 412). In 2016, Time and The Reporters Committee for Freedom of the Press moved to unseal those four documents. The district court denied their motion, and this appeal followed.

Two of the documents the press organizations seek--the transcript and the brief--have been destroyed pursuant to the Southern District of New York's standard document retention policies. We therefore refrain from ruling on the unsealing request as it pertains to them. See <u>Independence Party of Richmond Cty. v. Graham</u>, 413 F.3d 252, 255-56 (2d Cir. 2005).

The Southern District still has the two sealed court orders, however, so we may review the decision on whether they should remain sealed. Both the common law and the First Amendment create presumptions that certain types of documents should be publicly available. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-20 (2d Cir. 2006). Both apply to the two court orders, but the presumptions of access are simply presumptions--they do not automatically mean that the documents should be unsealed. We remand this case to the district court for a determination as to whether countervailing interests overcome the two presumptions.

The common law presumption of access attaches to "judicial documents," and judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." Id. at 119. It is settled that the court-authored orders in this case are judicial documents, and that the common law presumption therefore attaches. In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) ("[I]t is commonsensical that judicially authored or created documents are judicial records."); EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions.").

The next analytical step is to determine the strength of the presumption as it applies to these documents. Lugosch, 435 F.3d at 119. We conclude that it is of middling strength. The two documents are closely tied to the exercise of judicial power (they *are* the exercise of judicial power), but the very strongest presumption is reserved in civil cases for documents "used to determine litigants' substantive legal rights." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016).

5

1    Courts have found that interests such as protection of
2    ongoing investigations, safety of witnesses, national
3    security, and trade secrets may be sufficient to defeat the
4    presumption.  Id. at 143.  We leave it to the district court
5    to identify any interest in favor of secrecy sufficient to
6    defeat the presumption that court orders be open to the
7    public.
8         The First Amendment also creates a presumption of
9    public access that likewise attaches to court orders.  There
10   is a long tradition of public access to court orders, Union
11   Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir.
12   2000) ("[I]t should go without saying that the judge's
13   opinions and orders belong in the public domain."); they are
14   judicial documents, Lugosch, 435 F.3d at 120 ("The courts
15   that have undertaken this type of [First Amendment] inquiry
16   have generally invoked the common law right of access to
17   judicial documents in support of finding a history of
18   openness."); and public access plays a significant role in
19   the judicial approval of class action and derivative
20   settlements.  But the First Amendment presumption, like the
21   common law presumption, may be overcome by competing values.
22   Lugosch, 435 F.3d at 120.

```
1          On remand, the district court shall consider whether
2     any interests can overcome the common law and First
3     Amendment presumptions of access to the two court orders.
4     Any decision that the documents should remain sealed must be
5     supported by "specific, on the record findings" and must
6     explain why sealing "is essential to preserve higher values
7     and is narrowly tailored to serve that interest."  Id.
8          For the foregoing reasons, we hereby **VACATE** the order
9     of the district court and **REMAND** for further proceedings
10    consistent with this order.
11
12
13
14                            FOR THE COURT:
15                            CATHERINE O'HAGAN WOLFE, CLERK
16
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7