# Time Inc.

Arunabha Bhoumik
Chief Litigation & Compliance Counsel
arunabha.bhoumik@timeinc.com

Time Inc.
225 Liberty Street
New York, NY 10281

212-522-8307

August 22, 2017

VIA ECF

The Honorable Loretta A. Preska
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   **Supplemental Letter Brief**
>      ***Hardy, et al. v. Kaszycki & Sons, et al.***
>      **No. 1:83-cv-06346 (S.D.N.Y.)**

Dear Judge Preska,

        In accordance with Your Honor's order dated July 14, 2017, I write on behalf of Time Inc. ("Time") and the Reporters Committee for Freedom of the Press ("Reporters Committee") to supplement the record before the Court on Time's and the Reporters Committee's motion to unseal certain documents in the above-referenced matter, *Hardy, et al. v. Kaszycki & Sons, et al.* (hereinafter "*Hardy*").[1]

        *Hardy* was a class action lawsuit filed in 1983 by members of a demolition-workers union against various defendants, including now-President Donald J. Trump, the Trump Equitable Fifth Avenue Company, and the Trump Organization (collectively, the "Trump Parties"). The Trump Parties were involved in the demolition of the Bonwit Teller building on Fifth Avenue in midtown Manhattan to make way for the building now known as Trump Tower. *Hardy, et al. v. Kaszycki & Sons Contractors, Inc., et al.*, Summary Order, No. 16-3273 at 3 (2d Cir. June 15, 2017), ECF No. 82 ("Summary Order"). In 1999, the district court approved a settlement agreement between the parties and dismissed *Hardy* with prejudice. *See* Order, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. Apr. 20, 1999), ECF No. 414.

---

[1] Time and the Reporters Committee incorporate by reference herein the arguments made in their previous letter briefs filed in this Court dated July 12, 2016 (ECF No. 415) and August 22, 2016 (ECF No. 422), and in their opening and reply briefs filed in the U.S. Court of Appeals for the Second Circuit in this matter. *See* Br. and Special App. for Intervenors-Appellants, *Hardy et al. v. Kaszycki et al.*, No. 16-3273 (2d Cir. filed Nov. 22, 2016), ECF No. 40 ("Time & RCFP Br."); Reply Br. for Intervenors-Appellants, *Hardy et al. v. Kaszycki et al.*, No. 16-3273 (2d Cir. filed Feb. 24, 2017), ECF No. 59. For the Court's convenience, copies of the parties' briefs filed in the Second Circuit are submitted concurrently herewith as Exhibits A–C to this Supplemental Letter Brief.

The Honorable Loretta A. Preska
Page 2
August 22, 2017

Four judicial documents related to the district court's approval of that class action settlement were sealed: (1) what the Trump Parties have referred to as the "transcript of a settlement conference" held on October 26, 1998, *see* Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 at 2 (S.D.N.Y. filed Aug. 12, 2016), ECF No. 420, that was filed in the district court (ECF No. 409) (the "Settlement Transcript"); (2) a brief filed by the plaintiffs on November 9, 1998 (ECF No. 410) (the "Plaintiffs' Brief"); (3) an order of the district court approving the settlement dated December 30, 1998 (ECF No. 411); and (4) an amended order of the district court approving the settlement dated February 9, 1999 (ECF No. 412).[2]  Summary Order at 3–4.

In 2016, in the midst of now-President Trump's campaign, Time and the Reporters Committee moved to unseal all sealed documents in *Hardy*.  *See* Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. filed July 12, 2016), ECF No. 415.  The Trump Parties opposed that motion.  *See* Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. filed Aug. 12, 2016), ECF No. 420.  The Court, the Honorable Judge Griesa presiding, denied the motion to unseal.  *See* Order, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. Aug. 26, 2016), ECF No. 425.  Time and the Reporters Committee appealed.  Notice of Appeal, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. filed Sept. 22, 2016).

On appeal, the Second Circuit vacated the denial of the motion to unseal and remanded the case to this Court.  *See* Summary Order.  With respect to the two sealed court orders at issue, the Second Circuit held that both the common law and First Amendment presumptions of access apply.  *Id.*  The Second Circuit remanded to permit this Court to make "a determination as to whether countervailing interests overcome the two presumptions."  *Id.*  Based on its understanding that the Settlement Transcript and Plaintiffs' Brief had been "destroyed pursuant to the Southern District of New York's standard document retention policies," the Second Circuit's ruling did not address those documents.  *Id.* at 4.

On June 29, 2017, Lewis Steel, who had represented the class plaintiffs in *Hardy*, sent this Court a letter explaining that his co-counsel in *Hardy*, Wendy Sloan, had retained copies of the Settlement Transcript and Plaintiffs' Brief.  Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. filed June 29, 2017), ECF No. 429 (the "Steel Letter").  The Steel Letter sought guidance from the Court as to how Ms. Sloan should handle those documents now.  *Id.*  The Steel Letter reiterated that Ms. Sloan knows "of no privacy reason why these documents should not be unsealed."[3]  *Id.*  On July 7, 2017, the Court

---

[2] Based on the Trump Parties' representations to the Second Circuit in this case, Time and the Reporters Committee understand that the February 9, 1999 order amended the district court's December 30, 1998 order.  *See* Br. for Defs.-Cross-Defs.-Cross-Claimants-Appellees Trump-Equitable Fifth Avenue Company, Trump Organization and Donald J. Trump, DBA The Trump Organization at 3–4 (2d Cir. filed Feb. 10, 2017), ECF No. 56 ("Trump Br.").

[3] Mr. Steel previously informed the Court, on August 23, 2016, that the *Hardy* plaintiffs "are deceased," that Ms. Sloan "knows of no one who was a member of the plaintiff class that has a privacy interest in the documents in this matter that are presently sealed," and that neither Ms. Sloan nor Mr. Steel "know of any reason why those documents should not at this time be unsealed."  Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. filed Aug. 23, 2016), ECF No. 424.

The Honorable Loretta A. Preska
Page 3
August 22, 2017

instructed Ms. Sloan "to continue holding the documents that are subject to the current motion to unseal and to maintain their confidentiality pending further order from the Court."  Order, *Hardy et al. v. Kaszycki & Sons Contractors, Inc., et al.*, No. 1:83-cv-06346 (S.D.N.Y. July 7, 2017), ECF No. 432.

Time and the Reporters Committee respectfully request that the Court now enter an order unsealing all sealed documents in the *Hardy* case, including the two court orders, the Settlement Transcript, and the Plaintiffs' Brief.

**I.     The Settlement Transcript and the Plaintiffs' Brief are judicial records that are presumptively open under both the First Amendment and common law.**

As noted above, the Second Circuit concluded that the two court orders at issue are presumptively open under both the First Amendment and common law; it did not address Time's and the Reporters Committee's unsealing request as it pertained to the Settlement Transcript and the Plaintiffs' Brief.  Summary Order at 4.  This Court should hold that the Settlement Transcript and the Plaintiffs' Brief are also judicial records to which the common law and First Amendment presumptions of access apply.

*A.     The common law and First Amendment presumptions of access.*

This Court has recognized "two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."  *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).  Both presumptions apply to civil proceedings and records.  *Id.* (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012)).

The common law presumption of access attaches to all "judicial documents."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  The Second Circuit has defined "judicial documents" as documents that are "relevant to the performance of the judicial function and useful in the judicial process."  *United States v. Amodeo*, 44 F.3d 141, 145 (2d. Cir. 1995) ("*Amodeo I*")).  In determining whether a document is a judicial document, a court must evaluate "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding" and "whether access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings."  *Newsday*, 730 F.3d at 166–67.

The First Amendment presumption of access applies to "particular types of judicial documents."  *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) ("*Pellegrino*"). The Second Circuit "has articulated two different approaches for determining whether" the constitutional presumption applies.  *Lugosch*, 435 F.3d at 120.  The first approach—the "experience and logic" test—looks to "whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* at 120 (quoting *Pellegrino*, 380 F.3d at

The Honorable Loretta A. Preska
Page 4
August 22, 2017

92); *see also Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"). "The second approach considers the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Lugosch*, 435 F.3d at 120 (quoting *Pellegrino*, 380 F.3d at 93).

> B.      *Because the district court approved the parties' settlement under Federal Rule of Civil Procedure 23(e), the Settlement Transcript and the Plaintiffs' Brief are judicial records to which the common law and First Amendment presumptions of access apply.*

        *Hardy* was a class action lawsuit subject to Federal Rule of Civil Procedure 23(e).[4]  That Rule requires—and it required at the time that *Hardy* was settled—the district court's approval before "[t]he claims, issues, or defenses of [the] certified class" could be settled.  Fed. R. Civ. P. 23(e).  Under Rule 23(e), "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the [settlement] proposal," and "[i]f the proposed settlement would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate."  *Id.* at 23(e)(2)–(3).  Thus, Rule 23(e) requires a district court to take on a "larger role" in the settlement of class actions; Rule 23(e) requires judicial approval of class action settlements and requires the district court to substantively evaluate the terms and to "be satisfied of the fairness" of any settlement proposal before approving it.  *Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir. 1986).

        Based on the record before the Court, it appears that the "hearing" contemplated by Rule 23(3), at which the parties presented to the district court the terms of the proposed settlement agreement they had reached, occurred on October 26, 1998 and is reflected in the Settlement Transcript.  As the Trump Parties represented to the Second Circuit, it was there that the parties "memorialize[d] the terms of the parties' settlement, on the record[.]"  Trump Br. at 3.  Shortly thereafter, in early November 1998, the class plaintiffs filed the Plaintiffs' Brief with the district court, and, in December, the district court entered an order approving the parties' proposed settlement; the district court entering a second, amended order approving the settlement in February 1999.  In short, the Settlement Transcript and the Plaintiffs' Brief reflect the information and arguments the parties presented to the district court in order to persuade it to approve the proposed settlement of the claims of the certified class pursuant to Rule 23(e).

        A district court's approval of a class action settlement pursuant to Rule 23(e) is a quintessential exercise of judicial power.  *See In re September 11 Litig.*, 723 F. Supp. 2d 526, 532–33 (S.D.N.Y. 2010) (stating that a motion for approval of a settlement "invokes [the court's] Article III power"); *see also Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519(PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) (stating that court approval of a settlement "is a judicial act").  Accordingly, "[a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document'" to which the presumption of access applies.  *Xue Lian Lin*, 2009 WL 2223063, at *1 (denying a motion for a telephonic

---

[4] All references herein to "Rule 23" are to Federal Rule of Civil Procedure 23, unless otherwise specified.

The Honorable Loretta A. Preska
Page 5
August 22, 2017

hearing and approval of a settlement agreement, with the terms of the settlement to be divulged to the court orally in a transcript to be placed under seal).

The district court's decision to approve the settlement in *Hardy* was necessarily based on the terms proposed by the parties and the representations they made to the district court, which would be reflected in the Settlement Transcript and the Plaintiffs' Brief. *See* Fed. R. Civ. P. 23(e)(2) (requiring court to find the settlement "fair, reasonable, and adequate" before it may approve it). Indeed, plaintiffs necessarily submitted the Plaintiffs' Brief to the district court to influence its decision as to whether or not to approve the proposed settlement. *See Schiller v. City of New York*, No. 04 Civ. 7922(KMK) JC, 04 Civ. 7921(KMK), 2006 WL 2788256, at *4 (S.D.N.Y. Sept. 27, 2006) (stating that the "relevance and usefulness" of a brief is "demonstrated by the fact that [a party] created and submitted [it] specifically in order to influence [the court's] determination"). Accordingly, the Settlement Transcript and the Plaintiffs' Brief are "relevant to the performance of the judicial function and useful in the judicial process," and are therefore subject to the common law presumption of access. *Amodeo I*, 44 F.3d at 145; *see also Schiller*, 2006 WL 2788256, at *5 (stating that "[d]ocuments created by or at the behest of counsel and presented to a court in order to sway a judicial decision are judicial documents that trigger the presumption of public access"); *Levy v. Weksel*, 143 F.R.D. 54, 56 (S.D.N.Y. 1992) (noting that "[o]nce material is used in the judicial decisionmaking function on the merits of controversies . . . it must absent extraordinary circumstances be open to public inspection").[5]

The First Amendment presumption of access also applies to the Settlement Transcript and the Plaintiffs' Brief. Applying the "experience" prong of the "experience and logic" test, records reflecting the terms of class action settlements have historically been open to the public because they are judicial records subject to the common law presumption of access. *See Pellegrino*, 380 F.3d at 92 (noting that courts "have generally invoked the common law right of access to judicial documents in support of finding a history of openness"). Moreover, with respect to the Plaintiffs' Brief, "[l]egal memoranda 'have historically been open to the press and the general public.'" *Schiller*, 2006 WL 2788256, at *5 (quoting *Press-Enterprise II*, 478 U.S. at 8). Accordingly, the first prong of the test—"experience"—is satisfied.

In addition, access to these records "plays a significant positive role" in monitoring judicial approval of a class action settlement subject to Rule 23(e). *See Press-Enterprise II*, 478 U.S. at 8. The Settlement Transcript and the Plaintiffs' Brief contain the terms of the proposed settlement approved by the district court, as well as the arguments presented to the district court in connection with seeking its approval of the settlement. Before members of the public can

---

[5] Application of the common law presumption of access to records related to class action settlements is consistent with case law in the Second Circuit concerning settlements under the Fair Labor Standards Act ("FLSA"), which, like class action settlements, must be judicially approved. As Time and the Reporters Committee argued in the Second Circuit, *see* Time & RCFP Br. at 20, n.4, district courts in this Circuit have "held overwhelmingly, if not unanimously," that the common law presumption of access applies to settlements under the FLSA. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335, 340 (S.D.N.Y. 2012). Indeed, one district court's review of relevant precedent did "not reveal[] a single federal case that considers the question and holds that the presumption of public access does not attach to FLSA settlements." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646 (S.D.N.Y. 2011).

The Honorable Loretta A. Preska
Page 6
August 22, 2017

meaningfully evaluate a court's decision to approve a settlement, and be satisfied that the requirements of Rule 23(e) were met, they must know the terms that the court approved and the arguments that were presented to the court. *See Geltzer v. Andersen Worldwide, S.C.*, No. 05 Civ. 3339 (GEL), 2007 WL 273526, at *2 (S.D.N.Y. Jan. 30, 2007) ("The press and public could hardly make an independent assessment of the facts underlying a judicial disposition, or assess judicial impartiality or bias, without knowing the essence of what the court has approved."); *see also In re September 11 Litig.*, 723 F. Supp. 2d at 531 (S.D.N.Y. 2010) (holding that First Amendment and common law presumptions of access apply to information contained in a motion to approve a settlement filed with the district court and explaining that the sealed information was "central to the parties' settlement and [the court's] decision on their motion for approval").

The First Amendment presumption of access also applies to the Settlement Transcript under the necessary corollary test. As set forth above, Rule 23(e) requires a "hearing" prior to the judicial approval of a class action settlement. And the Second Circuit has made clear that such a hearing must be open; before a class action settlement "can result in judicial ratification or rejection, there must be a proceeding *in open court*, and the document sought to be acted upon by the judicial power will be placed on file and must become a public record." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (emphasis added). Accordingly, the October 26, 1998 proceeding at which the parties set forth the terms of their proposed settlement on the record, in order to seek the district court's approval of that settlement pursuant to Rule 23(e), was required to be held "in open court." *Id.* The press and the public thus have a First Amendment right of access to the Settlement Transcript that is derived from the public's capacity to attend that October 26, 1998 proceeding. *See Lugosch*, 435 F.3d at 120.

Finally, as Time and the Reporters Committee have previously argued, cases concerning the right of access to settlement negotiations or to settlement agreements that were never required to be substantively approved by a district court are distinguishable. The Settlement Transcript and Plaintiffs' Brief that are at issue here reflect the parties' presentation of agreed-upon settlement terms to the district court for its approval, as required by Rule 23(e). *See* Trump Br. at 3. Thus, the Second Circuit's holding in *Glens Falls Newspapers* is inapplicable because the documents at issue in that case reflected non-final settlement discussions and proposals made in the course of ongoing settlement negotiations *that were not filed with the district court or presented to the district court for its approval.* 160 F.3d at 857. Similarly, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 n.6, 144 (2d Cir. 2004), is inapplicable because that case concerned access to a transcript of a settlement conference relating to a private settlement in a *non-class action* case where the parties had *not* asked the district court to approve, enforce, or otherwise act on the settlement. Indeed, in reaching its holding in *Gambale*, the Second Circuit cited with approval case law stating that "'[o]nce a settlement is filed in the district court, it becomes a judicial record,'" and that the common law presumption of access "'applies to settlement agreements that are filed and submitted to the district court for approval.'" *Id.* at 143 (quoting with approval *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (citation omitted)).

The Honorable Loretta A. Preska
Page 7
August 22, 2017

      C.      *The Court can and should unseal the Plaintiffs' Brief and the Settlement Transcript, copies of which are in the possession of plaintiffs' counsel.*

      As Time and the Reporters Committee learned following the Second Circuit's ruling, copies of the Plaintiffs' Brief and Settlement Transcript that were filed with the Court are in the possession of Ms. Sloan, who represented the class plaintiffs in *Hardy*. *See* Steel Letter. She has indicated a willingness to make them available. *See id.* Accordingly, even though the Court's copies of those judicial records were destroyed, an order unsealing them would not be futile.

      It does not matter that the Court no longer has physical possession of these records. The Second Circuit has explicitly "[r]eject[ed] the view that [a] Court could answer [the] question [of whether the common law right of access applied] simply by determining whether the document was physically on file with the court." *United States v. Graham*, 257 F.3d 143, 152 (2d Cir. 2001) (citing *Amodeo I*, 44 F.3d at 145). Rather, the determination is substantive, turning on whether the document "is relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. Indeed, the Second Circuit has specifically held that certain records are judicial records even when they are not in the court's physical possession. In *Graham*, the Second Circuit held that audio and video tapes played at a pretrial detention hearing were judicial records subject to the common law right of access even though the tapes "were not in the custody of the Clerk, but rather in the hands of the prosecutor." 257 F.3d at 152 n.5. In accordance with the substantive test of *Amodeo I*, the Court noted that the tapes "became public by virtue of having been played in open court." *Id.*

      Here, there is no dispute that the Settlement Transcript and the Plaintiffs' Brief were filed with the district court in connection with seeking judicial approval of a class action settlement. They are, for the reasons set forth above, judicial records subject to the common law and First Amendment presumptions of access. That the copies of those records that were once on file with the Clerk were destroyed pursuant to the district court's document retention policy has no bearing on that determination.[6]

## II.     No compelling interest overcomes the public's First Amendment right of access to any of the sealed records.

      The Second Circuit has held that the two court orders under seal in *Hardy* are subject to the First Amendment presumption of access. *See* Summary Order at 4. In addition, for the reasons explained above, the First Amendment presumption of access applies to the Plaintiffs' Brief and the Settlement Transcript. Accordingly, these records can remain under seal only if the Court finds that sealing is supported by "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. Broad, general, or

---

[6] In the alternative, if the Court finds that the destruction of the copies of the Plaintiffs' Brief and Settlement Transcript that were once in the Court's possession means that they are no longer judicial records subject to the Court's supervisory power, then the Plaintiffs' Brief and the Settlement Transcript can also no longer be subject to any sealing order, and Ms. Sloan would be free to release copies of those records to the public.

The Honorable Loretta A. Preska
Page 8
August 22, 2017

conclusory findings are insufficient to justify closure.  *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

The district court made no factual findings in support of its initial decision to seal the records at issue.  The Trump Parties have previously argued that sealing of the records was necessary to promote settlement.  *See* Trump Br. at 15–16.[7]  However, a general interest in promoting the settlement of cases is not, alone, a "higher value" that can justify sealing judicial records, either in whole or in part, under the First Amendment.  *In re September 11 Litig.*, 723 F. Supp. at 532.  As the Third Circuit has noted, "the generalized interest in encouraging settlements[,]" which is present in *all* cases, "does not rise to the level of interests" that may outweigh the common law right of access, *see Bank of Amer. Nat'l Trust & Savings Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 346 (3d Cir. 1986), much less the more demanding First Amendment right of access.

Moreover, although the Trump Parties have claimed purported "reliance" on the continued sealing of these records as a basis for opposing the motion to unseal, *see* Trump Br. at 15–16, mere after-the-fact "reliance" on a defective sealing order is not a compelling interest that overcomes the First Amendment right of access.  Again, there is nothing in the record to indicate that sealing was necessary to promote settlement in this specific case (*i.e.*, that it was a prerequisite to the *Hardy* settlement).  *See In re September 11 Litig.*, 723 F. Supp. at 532 (noting that "the court must be skeptical" of claims that settlement might not have occurred without a condition of confidentiality, "for 'if the case goes to trial, even more is likely to be disclosed'") (quoting *Pansy v. Borough of Stoudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) (internal quotation marks omitted)).  To the contrary, when it settled, *Hardy* had been pending for more than 15 years, having already been tried once and reversed, necessitating a retrial.  *See Hardy v. Kaszycki & Sons Contractors, Inc.*, 870 F. Supp. 489, 491, 492–93 (S.D.N.Y. 1994) (comparing *Hardy* to the fictional and interminable legal proceedings in *Jarndyce v. Jarndyce*).  The Trump Parties previously represented to this Court that, after so many years of litigation, the parties had reached "amicable terms" for settlement "without Court intervention"—making clear that assurances of confidentiality on the part of the district court were unnecessary to promote settlement.  *See* Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc. et al.*, 1:83-cv-6346 (TPG) at 2 (S.D.N.Y. filed Aug. 12, 2016), ECF No. 420; *see also United States v. Erie Cty.*, 763 F.3d 235, 243 (2d Cir. 2014) (rejecting argument that the First Amendment presumption of access was overcome by need for "frank, and hence confidential, discussions among the parties" because settlement of the case had "already been reached").

---

[7] The Trump Parties have also previously argued to this Court that "privacy interests" of other parties to the *Hardy* litigation and/or their counsel may be implicated by unsealing.  *See* Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc. et al.*, 1:83-cv-6346 (TPG) at 1 n.1 (S.D.N.Y. filed Aug. 12, 2016), ECF No. 420.  The Trump Parties appear to have abandoned this argument, having not raised it in the Second Circuit.  Should the Trump Parties attempt to resurrect this argument now, it fails.  The Trump Parties have not identified any specific privacy interests that would be implicated by unsealing of the records.  The named plaintiffs in *Hardy* are deceased, and the lead attorney that represented the class plaintiffs informed the Court that she "knows of no one who was a member of the plaintiff class that has a privacy interest" in the sealed records or "of any reason why those documents should not at this time be unsealed."  Letter, *Hardy et al. v. Kaszycki & Sons Contractors, Inc. et al.*, 1:83-cv-6346 (TPG) at 1 (S.D.N.Y. filed Aug. 22, 2016), ECF No. 424.

The Honorable Loretta A. Preska
Page 9
August 22, 2017

**III.    Because there is no countervailing interest that outweighs the public's strong interest in access to any of the sealed records, the common law presumption of access is not overcome.**

The Second Circuit also held that the two court orders under seal in *Hardy* are subject to the common law presumption of access, *see* Summary Order at 4, and, for the reasons explained above, so too are the Plaintiffs' Brief and Settlement Transcript.  Because the sealing of these records cannot be justified under the more demanding First Amendment standard, the Court need not address the common law presumption of access.  However, even if the Court were to address it, all of the records at issue should be unsealed pursuant to the common law.

Under the common law, sealing must "be supported by specific findings" that "the interests favoring non-access outweigh those favoring access."  *Amodeo I*, 44 F.3d at 148.  The burden is upon the parties opposing access "to demonstrate that the interests favoring non-access outweigh those favoring access."  *Id.*

Again, the "interest favoring non-access" identified by the Trump Parties is a mere generalized interest in facilitating settlement, which does not outweigh the common law right of access.  *Bank of Amer. Nat'l Trust & Savings Ass'n*, 800 F.2d at 346.  While the common law presumption of access to the two court orders is of "middling"—or moderate—strength, *see* Summary Order at 5, the strength of the presumption as applied to the Plaintiffs' Brief and Settlement Transcript is greater, as both documents directly affect the district court's exercise of its Article III power, *i.e.* the approval of a class action settlement pursuant to Rule 23(e).  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*") (stating that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts").

In addition, the weight of the presumption of access is further strengthened by the public's interest in obtaining access to records from a class action lawsuit to which the now-President of the United States was a party.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (considering the public's interest in the subject matter of a civil complaint in determining weight of the presumption of access).  The President's involvement in the *Hardy* litigation is of legitimate interest to the public.  The Court's determination of the weight of the presumption of access should not ignore this "broader context."  *Lugosch*, 435 F.3d at 113, 123 n.5 (rejecting district court's conclusion that public interest in a "dispute among business partners" did not add weight to presumption of access, noting the "broader context" of the case, *i.e.*, that defendants were "lobbying the state legislature and the governor to obtain preferred treatment in connection with a business endeavor that [was] similar to those at issue in this case").

Given the strength of the presumption of access here, and the weak—effectively non-existent—interest of any party in keeping these records under seal, the Trump Parties have not met their burden to demonstrate that the interest in non-access outweighs the interest in access.

The Honorable Loretta A. Preska
Page 10
August 22, 2017

**IV.    Any determination that the records should remain under seal, either in whole or in part, must be narrowly tailored.**

Because there is no higher interest that overcomes the First Amendment presumption of access and no countervailing interest in non-access that outweighs the common law presumption, all of the sealed records in *Hardy* should be unsealed in their entirety.  However, assuming, *arguendo*, that the Court finds that a compelling, overriding interest overcomes the public's constitutional and common law rights of access with respect to some portion of the sealed records, any order sealing those records must be no broader than necessary to serve that interest, and the Court must consider alternatives to wholesale sealing.

The First Amendment requires that any sealing order be "'narrowly tailored.'"  *In re N.Y. Times*, 828 F.2d 110, 116 (2d Cir. 1987) (quoting *Press-Enterprise II*, 478 U.S. at 10).  Thus, the sealing of a document to which the First Amendment right of access applies must not be "more extensive than necessary[.]"  *Id.*; *see also United States v. Aref,* 533 F.3d 72, 82–83 (2d Cir. 2008) (stating that "it is the responsibility of the district court to ensure that sealing documents to which the public has a First Amendment right is no broader than necessary" and that courts must "avoid sealing judicial documents in their entirety unless necessary" (citing *Press-Enterprise II*, 478 U.S. at 13–14)).

Similarly, under the common law, "[t]o the extent that compelling reasons exist to deny public access[,]" such limitations on access "should not be broader than necessary."  *United States v. All Funds on Deposit at Wells Fargo Bank in Account No. 7986104185*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009).  Courts should "edit and redact" judicial documents "in order to allow access to appropriate portions of the document[s]."  *Amodeo I*, 44 F.3d at 147; *see also In re September 11 Litig.*, 723 F. Supp. 2d at 533 (requiring parties to submit redacted versions of all papers submitted in connection with a motion for approval of a settlement where the court found that certain portions should be disclosed).

For all of the foregoing reasons, Time and the Reporters Committee respectfully request that the Court enter an order unsealing all sealed documents in the above-captioned matter.

Respectfully submitted,

*/s/ Arunabha Bhoumik*

Arunabha Bhoumik
Chief Litigation and Compliance Counsel
Steven Weissman
Vice President and Deputy General Counsel
Time Inc.
225 Liberty Street
New York, NY 10281

The Honorable Loretta A. Preska
Page 11
August 22, 2017

> Bruce D. Brown
> Katie Townsend
> Caitlin Vogus
> The Reporters Committee for Freedom of the Press
> 1156 15th Street NW
> Suite 1250
> Washington, DC 20005

cc:   Lawrence S. Rosen (via ECF)
      Rosen Weinhaus LLP
      40 Wall Street
      New York, NY 10005
      Email: lrosen@LHRGB.com

      Matthew Russell Maron (via ECF)
      The Trump Organization
      725 Fifth Avenue
      New York, NY 10022
      Email: mmaron@trumporg.com

      Lewis M. Steel (via U.S. Mail)
      Outten & Golden LLP
      685 Third Avenue
      25th Floor
      New York, NY 10017