

**LaRocca Hornik Rosen Greenberg & Blaha LLP**
COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005

212-530-4823
212-530-4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732-409-1144
732-409-0350 FAX

JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ∆
ERIC PETER BLAHA
AMY D. CARLIN ∆
PATRICK T. McPARTLAND ∆
DAVID N. KITTREDGE ∆
FLORENCE R. GOFFMAN ∆◊
JONATHAN TABAR ∆
JARED E. BLUMETTI ∆‡
SHERRY HAMILTON ∆

∆ NEW YORK BAR ONLY
‡ NEW JERSEY BAR ONLY
◊ OF COUNSEL ATTORNEYS
○ CERTIFIED MATRIMONIAL LAW ATTORNEY
* PRACTICING AS AN LLC

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

August 22, 2017

**VIA ECF**
Honorable Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12A
New York, NY 10007

Re: Hardy et al. v. Kaszycki & Sons et al.
1:83-cv-06346 (LAP)

Dear Judge Preska:

We are counsel to Donald J. Trump, The Trump Organization, Inc. and Trump-Equitable Fifth Avenue Company (collectively, the "Trump Parties"), which are former defendants in the above-captioned lawsuit that was settled almost 19 years ago (the "*Hardy* lawsuit"). Per Your Honor's July 14, 2017 Order (entered July 17, 2017), this letter serves to briefly supplement the Trump Parties' previous opposition to the Motion to Unseal that was filed by Time Inc. and the Reporters Committee for Freedom of the Press (the "Media Parties"), dated July 12, 2016. That motion sought to unseal certain confidential documents relating to the settlement of the *Hardy* lawsuit (the "Settlement Documents").[1]

In its Summary Order, dated June 15, 2017, the United States Court of Appeals for the Second Circuit directed this Court to consider "whether any interests can overcome the common law and First Amendment presumptions of access…"[2] *See Hardy v. Equitable Life Assurance*

---

[1] The Trump Parties previously filed their initial response to the Media Parties' Motion to Unseal on August 12, 2016 (ECF Doc. #420).

[2] Counsel for the plaintiffs in the *Hardy* lawsuit advised Your Honor by letter, dated June 29, 2017, that they were in possession of a copy of the transcript of the settlement proceedings in this case as well as plaintiffs' brief seeking approval of the settlement (ECF Doc. #429). Because of such, the Trump Parties hereby request that the Media Parties' Motion to Unseal be denied as to these documents as well.

Honorable Loretta A. Preska, U.S.D.J.
August 22, 2017
Page 2

*Society of United States*, 2017 WL 2589399, * 2 (2d Cir. June 15, 2017) (the "Summary Order"); *see also United States v. King*, 2012 WL 2196674, * 2 (S.D.N.Y. June 15, 2012) ("[t]he common-law presumption of access can be overcome if a sufficiently compelling countervailing interest is demonstrated"); *citing Lugosch v. Pryamid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 9, 106 S.Ct. 2735, 2741 (1986) (the First Amendment presumption of access may be overcome by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (*citation omitted*).

In the case at bar, the interests of maintaining the confidentiality of the settlement of this litigation overcomes the presumptions of access under both the First Amendment and the common law, this because "the Second Circuit **strongly endorses the confidentiality of settlement agreements in virtually all cases**." *See e.g. Schoeps v. Museum of Modern Art*, 603 F.Supp.2d 673, 676 (S.D.N.Y. 2009) (*emphasis added*); *citing United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) ("the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent").

In this context, the "higher values" and the "sufficiently compelling countervailing interest" are the preservation of the confidential nature of the parties' settlement after more than fifteen years of litigating this case. The parties' understanding and reliance on the fact that the settlement would not be made public, and would be sealed by the District Court, are critical facts that outweigh the public's presumptive right to access, and gave the parties a level of certainty and confidence that the settlement would remain confidential in virtual perpetuity.[3] *See e.g. LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) ("we find LEAP's reliance on the District Court's assurances of confidentiality entirely reasonable and sufficient to outweigh the public's common law right of access."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-144, fn. 8 (2d Cir. 2004) (settlement information disclosed during "a relatively informal conference" and made based on the court's "assurances of confidentiality" created only a "weak" presumption of access).

Moreover, the District Court *narrowly-tailored* its objective of facilitating the settlement of the lawsuit by limiting sealing solely to the Settlement Documents in question and by sealing no other case records. *See Press-Enter. Co.*, 478 U.S. at 9-10, 106 S.Ct. at 2741. Indeed, the case docket in the underlying litigation here is 20 pages long and reflects that there are over 400 unsealed documents that are currently available for public consumption, inclusive of pleadings, motions, affidavits, stipulations, correspondence and Orders.

Historically, settlement discussions and proceedings, like those at issue here, have not been open to the press and general public since confidentiality has, since time immemorial, been an integral aspect in resolving civil disputes. Indeed, it is a widely-accepted principle that many such cases would not settle if the public had a front row seat to such matters. *See e.g. Glens Falls*, 160 F.3d at 858 ("[f]ew cases would ever be settled if the press or public were in attendance at a

---

[3] Disclosure of the settlement terms would also be prejudicial to the Trump Parties because their competitors would be able to gauge their motivation for settling cases, thus exposing their proprietary information and interests.

Honorable Loretta A. Preska, U.S.D.J.
August 22, 2017
Page 3

settlement conference or privy to settlement proposals" and thus would "impair materially the trial court's performance of its Article III function of crafting a settlement"). If the parties were directed now to publicly reveal the terms of a bargained-for confidential settlement, it would eliminate the certainty of confidential settlements and would also chill, rather than foster, the potential for amicable resolution between litigants. Accordingly, the District Court correctly found at the time it sealed the Settlements Documents in this case that any First Amendment or common law presumptive right to access was far outweighed by the parties' need to have a resolution that was confidential.

Therefore, this Court should deny the Media Parties' application to unseal the Settlement Documents in its entirety. However, in the event this Court is inclined to unseal any or all of these sealed documents, it is respectfully requested that the portion of the settlement reflecting the amount that was paid to Plaintiff's counsel in legal fees and costs be redacted prior to unsealing. Under any circumstances, those amounts are wholly irrelevant to the performance of the Court's Article III functions, and also fall outside the scope of the Media Parties' instant motion.

Respectfully submitted,

Lawrence S. Rosen

cc: Arunabha Bhoumik, Esq. (via ECF)
Matthew R. Maron, Esq. (via ECF)
Steven Weissman, Esq. (via email: steven_weissman@timeinc.com)
Andrew Lachow, Esq. (via email: andrew_lachow@timeinc.com)
Katie Townsend, Esq. (via email: ktownsend@rcfp.org)