CONFIDENTIAL/SUBJECT TO ORDER SEALING RECORD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
JOSEPH HARDY AND GUY HARDY,
individually and as participants
in the Local 95 Insurance Trust Fund
and the Local 95 Pension Fund, and
on behalf of all other persons who
are, will be, or have at any time
since January 1, 1980 been
participants or beneficiaries in
the Funds, similarly situated,

       Plaintiffs,

                              ORDER

                              83 Civ. 6346 (TPG)

   -against-

KASZYCKI & SONS CONTRACTORS, INC.;
WILLIAM KASZYCKI; STELLA SENYSHYN,
as representative of the ESTATE OF
JOHN SENYSHYN; TRUMP-EQUITABLE FIFTH
AVENUE COMPANY; TRUMP ORGANIZATION,
INC.; DONALD J. TRUMP; DONALD J. TRUMP
d/b/a THE TRUMP ORGANIZATION; THE
EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES; and the TRUSTEES
OF THE HOUSE WRECKERS UNION LOCAL 95
INSURANCE TRUST FUND and of the HOUSE
WRECKERS UNION LOCAL 95 PENSION FUND,

       Defendants.
------------------------------------------x

    This case having come before the Court at a settlement conference conducted on October 26, 1998 and a the parties having agreed to settle the case on the terms and conditions set forth in the transcript of those proceedings dated October 26, 1998 and duly filed with the Court; and

    By Notice of Motion, supporting Affidavit of Wendy E. Sloan, Esq. and memorandum of law, all dated November 9, 1998, Plaintiffs

having moved pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure and Rule 23.1 of the Local Rules of this Court for an Order approving the aforesaid settlement agreed to at the October 26, 1998 conference herein, memorialized in the transcript thereof, and further approving the payment of plaintiffs' attorneys fees and costs in the amounts contemplated by the settlement namely: to the firms of Hall & Sloan ($687,500.00) and Steel, Bellman, Ritz and Clark, P.C. ($187,500.00);

And said motion having provided an opportunity for the filing of objections until November 24, 1998, subsequently extended by the Court as to the Trustees of the HouseWreckers' Funds until December 21, 1998, and no objections to the settlement having been filed;

and, the TRUSTEES OF THE HOUSE WRECKERS UNION LOCAL 95 INSURANCE TRUST FUND and OF THE HOUSE WRECKERS UNION LOCAL 95 PENSION FUND being named as nominal defendants in the action and no claim for relief having been brought against them;

IT IS HEREBY ORDERED that

the settlement agreed to at the October 26, 1998 conference herein, as memorialized in the transcript thereof, is hereby approved; and

the Trump Defendants (Trump-Equitable Fifth Avenue Company, Trump Organization, Inc., Donald J. Trump, Donald J. Trump d/b/a The Trump Organization, and the Equitable Life Assurance Society of the United States) shall, within thirty (30) days of the date of this Order, pay to plaintiffs' counsel, Hall & Sloan, $1,375,000.00, to be distributed by such counsel to pay $310,361.44

to the HouseWreckers Union Local 95 Pension Fund and $189,638.56 to the HouseWreckers Union Local 95 Insurance Trust Fund), promptly upon Hall & Sloan's actual receipt of the settlement monies from the Trump Defendants, and retaining $875,00.00 as attorneys' fees and costs ($687,500.00 for Hall & Sloan and $187,500.00 for the firm of Steel, Bellman, Ritz & Clark, P.C.); and

the plaintiffs shall, simultaneously with their receipt of the payment set forth herein above, tender releases to defendants Trump-Equitable Fifth Avenue Company, Trump Organization, Inc., Donald J. Trump, Donald J. Trump d/b/a The Trump Organization, and the Equitable Life Assurance Society of the United States and to defendant Stella Senyshyn, as representative of the Estate of John Senyshyn, and shall tender a release to the nominal defendant Trustees limited to the matters embraced in the amended complaint;

and, simultaneously, the defendants shall tender releases of their cross-claims to each other; and

all releases shall be held in escrow by defendants' counsel until the payment check(s) from the Trump defendants has cleared; and

Upon the performance of the above, including the payments and releases contemplated by the aforesaid settlement, proof of which shall be submitted to the Court by the parties within two (2) business days after the $1,375,000.00 check from the Trump defendants has cleared:

The complaint of plaintiffs, to wit: Joseph Hardy, Guy Hardy, and the class of all persons who are, will be, or have been, at any

3

time since January 1, 1980, participants in and/or beneficiaries of the aforesaid HouseWreckers' Funds, and further brought derivatively on behalf of the aforesaid HouseWreckers' Funds, will be dismissed by the Court in its entirety with prejudice; and

the Cross-Claim against defendants Equitable Fifth Avenue Company, Trump Organization, Inc., Donald J. Trump d/b/a The Trump Organization, and the Equitable Life Assurance Society of the United States brought by defendant Stella Senyshyn, as representative of the Estate of John Senyshyn, will be dismissed by the Court in its entirety with prejudice; and

the Cross-Claim against defendant Stella Senyshyn, as representative of the Estate of John Senyshyn, brought by defendants Trump-Equitable Fifth Avenue Company, Trump Organization, Inc., Donald J. Trump, Donald J. Trump d/b/a The Trump Organization, and the Equitable Life Assurance Society of the United States will be dismissed by the Court in its entirety with prejudice; and

the Cross-Claim against defendants Kaszycki & Sons Contractors, Inc., William Kaszycki, Stella Senyshyn, as representative of the Estate of John Senyshyn, Trump-Equitable Fifth Avenue Company, Trump Organization, Inc., Donald J. Trump, Donald J. Trump d/b/a The Trump Organization, and the Equitable Life Assurance Society of the United States brought by defendants Trustees of the House Wreckers Union Local 95 Insurance Trust Fund and of the House Wreckers Local 95 Pension Fund will be dismissed by the Court in its entirety with prejudice; and

This Order shall remain confidential in accordance with the parties' agreement at the October 26, 1998 settlement conference, and this Order shall be put under seal, with the Court file being marked "Case settled and dismissed in accordance with the Court's Order dated _December 30, 1998_, which is under seal"; and

Until the Court is notified that this order has been complied with in its entirety, it retains jurisdiction of this matter for purposes of overseeing compliance with the terms of the aforesaid settlement.

SO ORDERED:

_____
Chief Judge Thomas P. Griesa

December 30, 1998